# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

VOLODYA MARGARYAN,

                    Petitioner,

        v.

FERETI SEMAIA, *et al.*,

                Respondents.

Case No. 5:26-cv-02191-DMK

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT FIRST REQUEST FOR RELIEF [ECF 1, 10]**

Petitioner Volodya Margaryan is a native and citizen of Armenia. ECF 1 at ¶ 2. After entering the United States on or about February 20, 2022, Petitioner was permitted to remain in the country while pursuing immigration relief. *Id.* He remains in active removal proceedings. *Id.* at ¶ 3.

On April 22, 2026, Petitioner was arrested when he voluntarily appeared for a scheduled check-in with Immigration and Customs Enforcement. *Id.* at ¶ 5. Approximately two weeks prior to that appointment, Petitioner had been arrested by the Beverly Hills Police Department for conspiracy, in violation of California Penal Code § 182(A)(1) and vehicle theft, in violation of California Vehicle Code Section 10851(A). ECF 8 at 2.[1]

---

[1] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

On April 28, 2026, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241, alleging claims for violation of the Fifth Amendment and the All Writs Act.  ECF 1.  Petitioner seeks relief in the form of immediate release or, in the alternative, a prompt individualized bond hearing.  *Id.* at 11.  On June 10, 2026, Petitioner filed a First Request for Relief.  ECF 10.

On June 15, 2026, the Court held a hearing on both the Petition and the First Request for Relief, wherein Petitioner's counsel stated that Petitioner had not yet been formally charged for either of the offenses for which he had previously been arrested.

For the reasons stated on the record at the hearing, the Court finds that Petitioner's continued detention without a bond hearing is unlawful under the Fifth Amendment.

While Respondents contend that the Laken Riley Act mandates Petitioner's detention, the Court notes that the Laken Riley Act has widely been construed to apply only where an individual is currently charged with or arrested for the enumerated crimes, such that mandatory detention is not required when charges are never filed.  *See Singh v. Chestnut*, No. 1:26-CV-00546-DJC-AC, 2026 U.S. Dist. LEXIS 21400, 2026 WL 266021, at *2 (E.D. Cal. Feb. 2, 2026); *Helbrum v. Williams Olson*, No. 4:25-cv-00349-SHL-SBJ, 2025 U.S. Dist. LEXIS 198795, 2025 WL 2840273, at *6 (S.D. Iowa Sept. 30, 2025).

Moreover, the Court finds, pursuant to the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), that Petitioner is entitled to a custody hearing before a neutral arbiter in which the government shall bear the burden of establishing that Petitioner poses a danger to the community or risk of flight. *See Carballo v. Andrews*, 2025 U.S. Dist. LEXIS 158839, 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025) (ordering the government to provide a post-deprivation bond hearing to § 1226(c) detainee where the government bears the burden of

2

proof); *see also Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief.").

Accordingly, the Petition for writ of habeas corpus is GRANTED IN PART. It is hereby ORDERED that:

1.     Within seven (7) days of this Order, Respondents shall afford Petitioner a constitutionally adequate bond hearing before an immigration judge. The government shall bear the burden of establishing that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present;

2.     Respondents shall notify Petitioner's counsel of the date and time that the bond hearing is scheduled to take place, no later than 24 hours in advance of such date and time;

3.     Respondents are ordered to immediately release Petitioner unless he is provided a constitutionally adequate bond hearing before an immigration judge within seven (7) days of this Order; and

4.     Within thirty (30) days of entry of final judgment in this action, the Court will consider an application from Petitioner for reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

In light of the foregoing, Petitioner's First Request for Relief is DENIED AS MOOT.

**IT IS SO ORDERED.**

DATED:  June 15, 2026

_____
DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE

3